# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

---------------------------------------------------------------- x

| | |
|---|---|
| Chris Joannou | : |
| | : |
| Plaintiff, | : **FILED ELECTRONICALLY** |
| | : |
| v. | : No. 1:10-cv-00979-RWR |
| | : |
| Lincoln Hockey LLC, Lincoln Holdings LLC, and | : **ANSWER** |
| NHL Enterprises L.P. | : |
| | : |
| Defendants. | : |
| | : |

---------------------------------------------------------------- x

Defendants Lincoln Hockey LLC and Lincoln Holdings LLC (collectively, "Lincoln Hockey") and NHL Enterprises L.P. ("NHLE"), by and through its undersigned attorneys, for its Answer to the Complaint of Chris Joannou ("Plaintiff"), state as follows:

1.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.     Defendants admit that Lincoln Hockey LLC and Lincoln Holdings LLC are Delaware limited liability companies with their principal place of business at 627 North Glebe Road, Suite 850, Arlington, Virginia, that Lincoln Hockey LLC, a wholly owned subsidiary of Lincoln Holdings LLC, operates the Washington Capitals (the "Washington Capitals" or "Capitals"), one of the member clubs of the National Hockey League ("NHL") and that, among other things, that the Washington Capitals sells and licenses merchandise that bears the logo of the Washington Capitals, but otherwise deny

the allegations contained in paragraph 2 of the Complaint.

3.     Defendants deny the allegations contained in paragraph 3 of the Complaint, except admit that NHLE is a Delaware limited partnership, with its principal place of business located at 1185 Avenue of the Americas, New York, New York, and whose partners include the member clubs of the NHL.

## JURISDICTION AND VENUE

4.     Defendants neither admit nor deny the allegations contained in paragraph 4 of the Complaint on the ground that they consist of legal conclusions as to which no response is required, except admit that the Complaint purports to base jurisdiction on the provisions and principles alleged therein.

5.     Defendants neither admit nor deny the allegations contained in paragraph 5 of the Complaint on the ground that they consist of legal conclusions as to which no response is required, except admit that the Complaint purports to base venue on the provisions alleged therein.

## BACKGROUND

6.     Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that NHL professional hockey is a business that generates revenues from a variety of sources, including licensing.

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admit

that the NHL and its member clubs have adopted logos that are unique, distinctive and recognizable. Defendants further admit that the member clubs of the NHL use their logos in a variety of ways, including on team jerseys and on licensed team merchandise.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit that all logos used by the member clubs of the NHL are unique, distinctive and recognizable.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that all logos used by the member clubs of the NHL are unique, distinctive and recognizable.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except admit that, over time, the logos of members clubs of the NHL have changed.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint, except admit that drivers residing in Virginia or Maryland may apply for a Washington Capitals-branded license plate through the Washington Capitals website.

## THE WASHINGTON CAPITALS TEAM LOGO

12. Defendants deny the allegations contained in paragraph 12 of the Complaint, except admit that on June 22, 2007 the Washington Capitals, NHLE and other parties unveiled a new logo for the Capitals (the "Capitals Logo"), reproduced in color

3

below:



13.     Defendants deny the allegations contained in paragraph 13 of the Complaint, except admit that the Capitals Logo is instantly recognizable to the team's hundreds of thousands of fans.  Defendants further admit that the Capitals Logo appears on the team's jerseys and other merchandise and is displayed on the Washington Capitals' website and throughout the team's home arena.

14.     Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit that prior to the use of the Capitals Logo, the Washington Capitals used various other logos, including a logo resembling the logo referenced in the Complaint as the "Screaming Eagle Logo."

## COPYRIGHT INFRINGEMENT

15.     Defendants repeat and reallege the answers set forth in the preceding paragraphs 1-14 as though fully set forth herein.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except specifically deny that any designs created by Mr. Joannou were ever used by the Washington Capitals.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint, except admit that, over the years, Mr. Joannou has from time to time submitted unsolicited designs to the Washington Capitals.

19.     Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that the Capitals responded to Mr. Joannou regarding his July 9, 1993 logo submission, that Mr. Joannou sued the then-current owners of the Capitals in the Eastern District of Virginia for alleged copyright infringement of that logo and that that suit was voluntarily dismissed with prejudice (the "1996 Litigation").

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that Mr. Joannou and Mr. Patrick met in 1995.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that Mr. Jounnou testified, in his videotaped deposition in the 1996 Litigation, that he was shown a logo resembling the Screaming Eagle Logo during a spring 1995 meeting with the Capitals.  Defendants further admit that the Capitals used a

logo resembling the Screaming Eagle Logo for a number of years prior to adopting the current Capitals Logo.

23.     Defendants deny the allegations contained in paragraph 23 of the Complaint, except admit that Mr. Joannou sued the then-current owners of the Washington Capitals for alleged copyright infringement.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint, except admit that Mr. Joannou appears to have registered his works with the U.S. Copyright Office, but may have made false statements in the process.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of the Complaint, and aver that no grant was necessary because no design created by Mr. Joannou has been used by the Capitals.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

## RESPONSE TO RELIEF REQUESTED

33.     Defendants specifically deny that Plaintiff is entitled to the relief requested or to any other relief based on the allegations of the Complaint.

34.     Any allegation of the Complaint not specifically admitted herein is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims contained in the Complaint are based on copyright registrations that may have contained false statements.

## THIRD AFFIRMATIVE DEFENSE

The claims contained in the Complaint are barred under the doctrine of laches.

## **FOURTH AFFIRMATIVE DEFENSE**

The claims contained in the Complaint are barred under the doctrine of unclean hands.

## **FIFTH AFFIRMATIVE DEFENSE**

The claims contained in the Complaint are barred under the doctrine of estoppel.

## **RELIEF REQUESTED**

WHEREFORE, Defendants respectfully request:

1.  Judgment to be entered against Plaintiff dismissing the Complaint with prejudice and denying any relief to Plaintiff.

2.  An award of costs, including attorney's fees and disbursements, incurred by Defendants pursuant to 17 U.S.C. § 505.

3.  Further relief as the Court may deem just and proper.


Dated:  August 5, 2010

Respectfully submitted,

/s/ Jeffrey P. Cunard
Jeffrey P. Cunard (D.C. Bar No. 362477)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W., Suite 1100 E
Washington, D.C. 20004
(202) 383-8000 (phone)
(202) 383-8118 (fax)
jpcunard@debevoise.com

*Attorneys for Defendants Lincoln Hockey
LLC, Lincoln Holdings LLC, and NHL
Enterprises, L.P.*

## CERTIFICATE OF SERVICE

I, Richard S. Lee, of Debevoise & Plimpton LLP, herein certify that I am over eighteen (18) years of age and that on the 5th day of August 2010 I caused a copy of the Defendants' Answer to be served by electronic filing, e-mail and Federal Express upon:

Norman Siegel, Esq.
siegel@stuevesiegel.com
Bradley T. Wilders
wilders@stuevesiegel.com
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100

Hassan Zavareei, Esq.
hzavareei@tzlegal.com
Jeffrey Kaliel
jkaliel@tzlegal.com
Tycko & Zavareei LLP
2000 L Street, N.W. Suite 808
Washington, DC 20036
Telephone: (202) 973-0900

I understand that transmission of the Clerk's Notice of Electronic Filing will effect service.

I certify under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2005.

Richard S. Lee