UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------------ x
:
Chris Joannou                                      :
                                                                      :   FILED ELECTRONICALLY
                        Plaintiff,       :
        v.                                :   No. 1:10-cv-00979-RWR
                                                  :
Lincoln Hockey LLC, Lincoln Holdings LLC, and   :
NHL Enterprises L.P.                               :
                                                  :
                        Defendants.   :
                                                :
------------------------------------------------------------------ x

## [PROPOSED] PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF DISCOVERY MATERIALS

Having considered the parties' Joint Motion for a Protective Order Governing the Confidentiality of Discovery Materials, and good cause having been shown, the Court hereby ORDERS that a Protective Order, in accordance with the terms below, shall govern the treatment of confidential documents and information produced or exchanged in the above-captioned action (the "Action").

1.     All documents and tangible things produced by the parties in response to any request for production, or to any party by a non-party in response to any *subpoena duces tecum*, shall be subject to the terms and conditions herein.

2.     For purposes of this Protective Order, the word "documents" shall have the meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure, and its meaning includes, but is not limited to: written, recorded or graphic matter, whether in

hard copy or electronic form; interrogatory answers filed in the Action; requests to admit and responses thereto filed in the Action; transcripts of and exhibits to depositions; and any portions of any court papers filed in the Action that quote from or summarize any of these items.

3. The parties in this case may designate documents, information, and tangible things as "Confidential" or "Confidential Attorneys' Eyes Only."

4. A party requesting confidentiality (the "Designating Party") will stamp documents as "Confidential" or "Confidential Attorneys' Eyes Only" after a good faith determination that the document contains material that is confidential, privileged, proprietary, financial or qualifies as a legitimate trade secret or other confidential or sensitive research, development or commercial information.

5. The documents deemed "Confidential" may contain, by way of example only, which list is not meant to be exhaustive, information regarding: (1) day-to-day business documents or correspondence not intended for public dissemination; (2) non-party information that the non-party reasonably deems to be confidential; or (3) communications reflecting any of the above information.

6. The documents subject to the "Confidential Attorneys' Eyes Only" designation may contain, by way of example only, which list is not meant to be exhaustive, information regarding: (1) marketing and sales materials, including but not limited to customer surveys and fan surveys; (2) financial data, including but not limited

to total sales, profits, gross and net revenues, and tax and accounting information; (4) pricing information, including but not limited to the pricing of tickets and merchandise; (5) contracts with third-parties, including but not limited to revenue-sharing agreements, licensing agreements, and merchandising agreements; (6) strategic or long-term planning documents; or (7) communications reflecting any of the above.

7. With respect to any deposition exhibits or documents produced by a non-party pursuant to a subpoena, any party (or the non-party producing such documents), may assert a "Confidential" or "Confidential Attorneys' Eyes Only" designation.

8. Documents and information designated as "Confidential" will not be disclosed to, or used by, anyone except the following persons:

    (a) Plaintiff;

    (b) Defendants, and their officers, directors and employees;

    (c) Plaintiff's counsel of record in this litigation only;

    (d) Defendants' in-house and outside counsel of record in this litigation only;

    (e) Outside experts and consultants retained by either party who need such information to assist in this litigation. Failure to object to an outside expert or consultant upon designation thereof shall not preclude the Designating Party from later objecting to continued access by that outside expert or consultant where facts suggesting a reasonable basis for objection are later learned;

    (f) Any deposition or trial witness;

    (g) The Court, jury, court personnel, court reporters, deposition videographers, and any mediator and similar personnel, provided, however, that such documents are filed under seal;

      (h)     Any other person with prior written consent of the Designating Party.

9. Documents and information designated as "Confidential Attorneys' Eyes Only" will not be disclosed to, or used by, anyone except the persons identified in paragraph 8(c)-(h).

10. Any deposition or other testimony may be designated as "Confidential" or "Confidential Attorneys' Eyes Only" by counsel for the Designating Party by any of the following means:

      (a)     Stating orally on the record of a deposition that certain information or testimony is so designated, or that the entire deposition transcript is so designated; or

      (b)     Sending written notice to opposing counsel within 15 days of receipt of the deposition transcript designating all or a portion of the transcript as "Confidential" or "Confidential Attorneys' Eyes Only." The deposition testimony shall be treated as "Confidential Attorneys' Eyes Only" prior to the expiration of this period.

11. "Confidential" or "Confidential Attorneys' Eyes Only" information shall be held in confidence by each person to whom it is disclosed, shall be used only in connection with this litigation, shall not be used for any business purpose or in connection with any other litigation, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced "Confidential" or "Confidential Attorneys' Eyes Only" information should be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

12. Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel to provide to its client informed and meaningful advice, or to prevent

4

counsel from aggregating such information or summarizing such information for the client so long as it will not reveal or disclose competitively useful or other highly confidential information.

13. Any party seeking to use "Confidential" or "Confidential Attorneys' Eyes Only" information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance had access to this Protective Order. The terms of this Protective Order shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Protective Order from attending that portion of the deposition at which "Confidential" information is discussed.

14. If any party challenges the designation of any documents or testimony as "Confidential" or "Confidential Attorneys' Eyes Only," that party shall notify all interested parties of its intent to challenge the confidentiality designation. Such notification shall be in writing, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall negotiate in good faith to resolve any dispute in this regard without resort to the Court. A party may request that the producing party redact "Confidential" or "Confidential Attorneys' Eyes Only" information from specific documents, and the producing party will promptly and reasonably comply. If the parties are not able to resolve such a dispute within 15 calendar days of the designation challenge notice, or such shorter time period as agreed to by the parties, either party may seek relief from the

Court (provided, however, that the protections under this Protective Order shall continue to apply until such time as the parties agree or the Court rules to the contrary). The burden of establishing the confidentiality designation shall be on the Designating Party.

15. A party shall not be obliged to challenge the confidentiality designation at the time made. A receiving party may at any time request that the Designating Party cancel or modify the designation with respect to any document or information contained therein.

16. Within forty-five (45) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in the Action, a receiving party shall either (a) destroy all "Confidential" or "Confidential Attorneys' Eyes Only" documents and all copies thereof and provide certification of such destruction to the Designating Party or (b) return all "Confidential" or "Confidential Attorneys' Eyes Only" documents and all copies thereof to outside counsel for the Designating Party. The receiving party shall also take reasonable steps to reclaim any "Confidential" or "Confidential Attorneys' Eyes Only" documents and all copies thereof from all persons known to have received them.

17. This Protective Order is without prejudice to the right of any party to apply to the Court for an order permitting the disclosure of any confidential document or to apply for an order modifying or limiting this Protective Order in any respect. The burden of establishing the confidentiality designation shall be on the Designating Party.

18. If any party receives a subpoena or any other notice requesting documents that are designated or would be designated as confidential pursuant to the terms of this Protective Order, that party shall give the other party at least ten (10) business days' notice of the subpoena or notice before responding to the subpoena or notice (or if ten (10) business days' notice is not possible, as much advance notice as is reasonably possible) to allow the other party to quash the process, prevent the disclosure, or seek an appropriate protective or confidentiality order, and the parties agree to cooperate in seeking such relief.

19. The placing of a "Confidential" or "Confidential Attorneys' Eyes Only" designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in the Action.

20. If a party inadvertently discloses any "Confidential" or "Confidential Attorneys' Eyes Only" information without marking it with the appropriate designation, that party may give notice to the receiving party following the actual discovery of the inadvertent disclosure that the information should be treated in accordance with the terms of this Protective Order. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure. No disclosure by the receiving party prior to notification by the disclosing party of the inadvertent designation shall be deemed a violation of this Protective Order.

21.     If a party inadvertently discloses information that is privileged or otherwise immune from discovery (including, without limitation, information that is attorney-client privileged or work product), the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to the Action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party shall return or destroy such privileged or immune documents, and all copies thereof, within fifteen (15) calendar days of receiving a written request for the return of such item or items of information. To the extent such information is otherwise discoverable, the party having returned such documents may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

22.     All provisions of this Protective Order shall continue to be binding after the conclusion of the Action in its entirety, unless subsequently modified by agreement between the parties or on order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

23. This Protective Order includes all documents and things produced by parties and non-parties in the Action. With respect to any documents that have been produced prior to the entry of this Protective Order, the computing of any time period specified in this Protective Order shall begin to run upon the date of entry of this Protective Order.

_____
Hon. Richard W. Roberts
United States District Court Judge
October 14
~~September~~ ____, 2010